UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | Cr. No. A-05-CR- 170(LY) |
| Plaintiff, § | |
| v. § | |
| § | |
| JAMEL WASHINGTON, § | |
| Defendant. § | |

## FACTUAL BASIS

Had this matter proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove the following facts beyond a reasonable doubt:

On or about April 8, 2005, a combined group of state and local police executed a narcotics search warrant at the defendant's residence located at 2707B Northeast Drive in Austin, Texas. Officers recovered what appeared to be both powder and "crack" cocaine from the residence, as well as a small amount of marijuana, $3393 in United States currency and a loaded Smith and Wesson .40 caliber pistol, SN PAP0398. The defendant, who was present at the time the warrant was executed, received *Miranda* warnings from police, waived his rights and provided statements. The defendant stated that the drug evidence was his and that he had begun selling drugs again because he lost his job. The defendant also admitted to possessing the firearm.

The defendant is a convicted felon and was such on April 8, 2005. On February 20, 1998, in the 331st District Court of Travis County, Texas, the defendant was convicted of the offense of Delivery of a Controlled Substance--Cocaine, in Criminal Action No. 934302. This conviction was a felony drug offense and the defendant received a sentence of 5 years in prison after revocation of an original 7-year probated sentence dated September 9, 1993. Also, on February 20, 1998, in the

331st District Court of Travis County, Texas, the defendant was convicted of the felony drug offense of Possession of a Controlled Substance--Cocaine--With Intent to Deliver, in Criminal Action No. 975574, for which he received a sentence of 5 years imprisonment. The defendant has the following two felony convictions. A fingerprint comparison was conducted in order to match the defendant's known prints to the fingerprints contained in the penitentiary packet from the Texas Department of Corrections regarding these felony convictions.

Special Agent Daniel Jones of the Bureau of Alcohol, Tobacco, Firearms and Explosives has had special training that enables him to certify the place of manufacture for firearms in order to determine if a particular firearm has traveled in interstate commerce prior to its possession by a prohibited person. Agent Jones determined that the recovered gun in this case was manufactured outside the state of Texas and therefore, did indeed travel in interstate or foreign commerce prior to the defendant's possession of it. The gun is operable and meets the federal definition of a "firearm" for purposes of a prosecution pursuant to Title 18, U.S.C. §922(g).

The drug evidence from the defendant's arrest was submitted to the Department of Public Safety crime lab and the results of the scientific analysis revealed a total of 31.73 grams of powder cocaine and 18.7 grams of cocaine base.

In summary, that would be the evidence presented by the United States.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____
Ashley S. Chapman
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
512-916-5858 / 916-5854 (fax)
SBN 00790448

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Factual Summary was delivered to Abe Hernandez, Jr., attorney of record for the defendant, via email to the office of the Federal Public Defender in Austin, Texas on the 21st day of September, 2005.

_____
Ashley S. Chapman